869 F.2d 1490
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ruby L. HORNE, Plaintiff-Appellant,
v.
ALLEN METROPOLITAN HOUSING AUTHORITY, Defendant-Appellee.
 No. 87-3880.
 United States Court of Appeals, Sixth Circuit.
 Feb. 28, 1989.
 
 Before ENGEL, Chief Judge, MERRITT and DAVID A. NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Ruby L. Horne appeals the judgment of the United States District Court for the Northern District of Ohio dismissing her Title VII employment discrimination claim for failure to timely file her charge with the EEOC.
 
 
 2
 On April 27, 1984, Ruby Horne was discharged from her employment with the Allen Metropolitan Housing Authority in Lima, Ohio. She had been hired in August 1976 as a secretary for the Housing Authority, was promoted to office manager and bookkeeper in 1978, was promoted to administrative assistant in 1980, and was demoted in 1981 to the positions of secretary/receptionist and later intake officer. In 1982 she was given the position of client service representative; she was subsequently discharged on April 27, 1984. On December 4, 1985, she reapplied to the Housing Authority for a position as a financial/secretary assistant, which she did not receive.
 
 
 3
 On February 6, 1985 Horne filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), alleging that the Housing Authority had discriminated against her because of her race, which culminated in her April 27, 1984 termination. Specifically, she charged the Housing Authority with having been racially discriminatory in: demoting her, assigning her jobs, denying her wage increases, harassing her, and eventually terminating her. The EEOC charge was received by the EEOC district office in Cleveland on February 13, 1985, 292 days after the last alleged date of discrimination--her termination on April 27, 1984. Pursuant to a work-sharing agreement executed between the EEOC and the Ohio Civil Rights Commission (OCRC) the charge was referred to the OCRC for initial evaluation. When transmitting the charge to the OCRC, the EEOC indicated that the OCRC needed to issue a notice of termination by February 21, 1985, in order for the charge to be considered timely filed with the EEOC upon termination of the OCRC's investigation. On February 26, 1985, the OCRC terminated consideration of Horne's discrimination charge. Subsequently, on February 20, 1986, the EEOC issued Horne a notice of right to sue, stating that no reasonable cause was found to believe that her allegations were true.
 
 
 4
 On May 22, 1986, Horne then filed a complaint in the United States District Court for the Northern District of Ohio, alleging that the Housing Authority discriminated against her on account of race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000(e) et seq., by harassing her, treating her unfairly, and eventually terminating her. By opinion and order dated July 17, 1987, United States District Judge Richard McQuade dismissed plaintiff's complaint, holding that it was untimely filed. The OCRC having terminated its proceedings under the work-sharing agreement on February 26, 1985, 305 days after the last act of alleged discrimination, Horne's charge could not be considered timely filed under 42 U.S.C. Sec. 2000(e)-5(e), which requires the charge to be filed within 300 days of the last act of alleged discrimination. See Mohasco Corp. v. Silver, 447 U.S. 807 (1980). Horne subsequently moved to amend the judgment of the district court; the court denied the motion by opinion and order dated August 26, 1987. On September 16, 1987, Horne filed a timely notice of appeal.
 
 
 5
 For the reasons set forth in the carefully reasoned opinion of United States District Judge Richard B. McQuade, Jr., filed in the district court on July 17, 1987, the judgment of the district court is AFFIRMED.